UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO: 2:20-cr-7-FtM-60NPM

SILVERIO TEMAJ-MENDEZ

---

**ORDER**

Before the Court is Defendant's Motion for Essential Medical Testing (Doc. 27). Defendant is in the custody of the U.S. Marshal, and pursuant to an arrangement with the Sheriff of Charlotte County, Florida, Defendant is detained in the Charlotte County Jail. Challenging the conditions of confinement, Defendant seeks a mandatory injunction requiring the Marshal and the Sheriff to administer a COVID-19 test.

But to prevent circumvention of the obligation to exhaust administrative remedies before seeking judicial relief, and to ensure that the persons responsible for the custody and care of the defendant are properly notified and brought before the court, any complaints about the conditions of confinement that do not concern a defendant's access to counsel or the ability to prepare a defense must be pursued in a separate civil action and not by motion in the defendant's criminal case. *See United States v. Darcy*, No. 1:17-cr-00036-MR-WCM, 2020 WL 2573251, \*4 (W.D.N.C. May 21, 2020) (denying motion filed in criminal case and requiring incarcerated movant to pursue conditions-of-confinement claim concerning COVID-19 in a civil action instead); *United States v. Kahn*, No. 17-CR-0029-ABJ, 2019 WL 3977353, \*1-2 (D. Wyo. Mar. 29, 2019) (declining to

analyze the merits of the pretrial detainee's conditions-of-confinement motion because when such claims do not concern access to counsel or the ability to prepare a defense, it is not appropriate to address them in the criminal action); *United States v. Andrews*, No. 1:12–cr–100, 2014 WL 1379683, *3 (N.D. W. Va. Apr. 8, 2014) ("Courts have consistently held that an incarcerated individual must bring challenges to his conditions of confinement through a civil action" and cannot do so "though a motion filed in his criminal case.") (collecting cases); *United States v. Luong*, No. CR. 99-433 WBS GGH, 2009 WL 2852111, *2 (E.D. Cal. Sept. 2, 2009) ("Claims of inadequate medical treatment or other complaints regarding conditions of confinement potentially involve the Marshal, Sheriff, or other person or persons responsible for the custody and care of the defendant. Entertaining defendant's filings in [his criminal] action fails to properly apprise those individuals who have the requisite authority and ability to address and potentially remedy defendant's grievances.").

Defendant's request for a COVID-19 test does not present a concern about access to counsel or the ability to prepare a defense.

Accordingly, it is hereby **ORDERED**:

The Motion for Essential Medical Testing (Doc. 27) is **DENIED** without prejudice to pursuing the asserted claim and requested relief in a separate civil action.

**DONE** and **ORDERED** in Fort Myers, Florida on May 26, 2020.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE